CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

APR 1 0 2017

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RANDALL K. FALWELL,<br><br>*Defendant.* | CASE NO. 6:16-cr-00022<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Defendant Randall K. Falwell, (hereinafter "Defendant") has been ordered to pay restitution in the amount of $17,779.47 to the Bankruptcy Estate of Randall Falwell c/o Margaret K. Garber on behalf of the United States Trustee and Andrew S. Goldstein, Chapter 7 Trustee ("Bankruptcy Estate"). This Memorandum Opinion accompanies the Judgment in order to explain the calculation of the restitution amount.

In the plea agreement in this case, Defendant agreed to a restitution amount of at least $14,500 based on his fraudulent concealment and false oath in bankruptcy. Defendant initially appeared to dispute that any restitution was owed, but he later clarified at the sentencing hearing that he simply believes no amount above $14,500 should be paid.

The restitution in this case consists of three separate losses suffered by the Bankruptcy Estate: (1) $4,005.08 in attorney's fees and costs borne by the Bankruptcy Estate state to recover the funds fraudulently transferred and/or concealed by Defendant; (2) $5,974.39 which represents the difference between the funds available in Defendant's bank account on the date of bankruptcy filing from the sale of condos and the amount eventually recovered by the

Bankruptcy Estate; and (3) $7,800 in lost value to the Bankruptcy Estate after Defendant transferred his half-interest in a five-acre property and only $15,000 was recovered by the Bankruptcy Estate post-transfer.

The first dispute in this case is over the government's calculation of the lost value in the five-acre property. The evidence presented by the government, however, demonstrates by a preponderance of the evidence, *see United States v. Williams*, 880 F.2d 804, 806 (4th Cir. 1989), that the loss to the Bankruptcy Estate due to Defendant's fraudulent transfer was at least $7,800. The property was purchased by Defendant for approximately $60,000, which Defendant estimated under oath was still worth roughly $60,000 in May 2012. Defendant owned a half-interest in the land. While his first bankruptcy was pending, Defendant fraudulently transferred his half-interest in the land as a gift. After the fraud was discovered, the Bankruptcy Estate was ultimately able to recover only $15,000 for Defendant's half-interest. Thus, excluding all costs and fees associated with selling the property, it would appear as an initial estimate that Defendant's fraudulent transfer of the property cost the Bankruptcy Estate roughly $15,000 ($30,000 value of Defendant's half-interest less $15,000 actually recovered = $15,000 in loss).

In an abundance of caution, the government instead relied upon the tax-assessed value of the property and accounted for the fees and costs that would have been associated with any sale of the property by the Bankruptcy Estate. As such, the government estimated that Defendant's half-interest—after assuming a decreased sale value and the costs of sale—was initially worth $22,800 to the Bankruptcy Estate. Thus, the loss to the Bankruptcy Estate caused by Defendant's fraud was $7,800 ($22,800 value of Defendant's half-interest less $15,000 actually recovered = $7,800 in loss). The Court concurs with this conservative estimate.

The second and final objection raised by Defendant in this case concerns the role that the Bankruptcy Court's orders play in this criminal proceeding. Defendant, citing no legal authority, contends that the Bankruptcy Court had settled this matter when it approved the recovery of (1) $15,000 for the half-interest in the five-acre property and (2) a reduced amount of money in Defendant's bank account from the sale of condos. In essence, Defendant argues that this Court is collaterally estopped from issuing restitution because the Bankruptcy Court had resolved the matter; thus, there was no actual loss remaining to the Bankruptcy Estate or unsecured creditors.

The Court disagrees with this line of reasoning. The Bankruptcy Court's approval of a settlement was not a complete resolution of the entire matter, nor did the Bankruptcy Judge make a finding regarding the total loss to the Bankruptcy Estate. In approving the two settlements, the Bankruptcy Court was simply approving a compromise based upon the facts post-fraud. The Bankruptcy Court was accepting a settlement that allowed the Bankruptcy Estate to claw back some of the losses from Defendant's fraud; it was not claiming to make the parties whole again. That is the role of this Court in this proceeding. The evidence produced by the government makes clear that there was actual loss suffered by the Bankruptcy Estate as a result of Defendant's fraud—above and beyond what the Bankruptcy Estate was able to recover. Whether the Bankruptcy Court approved a settlement to help mitigate some of these losses does not preclude this Court from ordering restitution of the remaining losses.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 10ᵗʰ day of April, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE